## MATHIS v. SOUTHERN PAC. CO.

No. 1759.   Decided January 25, 1907 (88 Pac. 668).

CARRIERS—DUTY TO PASSENGER—INSTRUCTIONS.—In an action for personal injuries to a passenger, an instruction that a railway, as a common carrier of passengers, owes a duty to its passenger to carry him safely and properly, and to use due care to see that the car in which he is being carried is kept in a decent and habitable condition, and so as to afford that degree of comfort to him and other passengers which is usual and practicable in cars of the kind in which he is being carried, was not erroneous because of the words "and other passengers."

APPEAL from District Court, Third District; T. D. Lewis, Judge.

Action by T. M. Mathis against the Southern Pacific Company. Judgment for plaintiff, and defendant appeals.

AFFIRMED.

*P. L. Williams, Geo. H. Smith* and *J. G. Willis* for appellant.

*W. R. White* and *Powers & Marioneaux* for respondent.

FRICK, J.

This action is one for damages arising out of the same facts as the case, just decided, entitled *McCollum v. Southern Pac. Co.,* supra, p. 494, 88 Pac. 663. The plaintiff in this case was a passenger on the same train with the plaintiff in the case just referred to. Plaintiff's ticket was purchased at the same time and place, and the evidence in this case was practically and substantially a repetition of the evidence in the McCullom Case, supra. The objections in this case occurring in the course of the trial, and the assignments of error, with one exception, are also substantially the same as in that case. This case is therefore controlled, in so far as those assignments are concerned, by the McCullom Case. In view that the errors now under review have all been decided adversely to the contention of appellant in the McCullom Case, they cannot be sustained in this case.

The only objection presented in this case, not considered in the McCullom Case, is an exception to and a criticism upon a portion of the court's instruction to the jury. The portion excepted to and criticised is as follows: "It was the duty of the defendant . . . to carry him safely and properly from Reno to Ogden, and use due care to see that the car in which he was being carried was kept in a decent and habitable condition, and so as to afford that degree of comfort to plaintiff and other passengers which is usual and practicable in cars of the kind that the one in question is shown by the evidence to be." The objection is aimed at what the court said in respect to "other passengers." This, it is contended, could well be construed to permit the jury to assess and allow damages to plaintiff for injuries suffered by others. If this were so, the instruction would be faulty as a matter of law. But this is not the natural or obvious meaning of the language used, when read in connection with

the other portions of the same paragraph of the instruction. The court simply defined the degree of duty imposed by law upon the appellant in carrying and caring for passengers. The purpose of the instruction was not to allow plaintiff to recover for an injury others might have suffered, nor was there anything said about his recovering anything in the instruction. The whole paragraph was directed and confined to a definition of the duties devolving upon the carrier of passengers toward such passengers. The mere fact that it did not single out the plaintiff, and refer to him alone as a passenger, could in no way prejudice the appellant, nor benefit the plaintiff. Counsel do not assert that the instruction is erroneous in that it misstates a principle of law applicable to the subject generally, and we cannot conceive any reason why the instruction is open to criticism because it referred to the other passengers, as well as the plaintiff, in defining the duties owing to them as such by appellant as a carrier of passengers. Plaintiff, in view of the evidence, was certainly entitled to the same rights as were all the other passengers, as a matter of law; and this is all the court told the jury. When the court came to instruct with regard to the elements of damages, he was careful to confine all of them to the plaintiff, and it is thus made additionally clear that the plaintiff could not, and was not permitted to, recover for anything save what he suffered himself. The exception to the instruction cannot, therefore, be sustained.

For the reasons stated in the case of *McCullom v. Southern Pacific Company,* supra, as well as those above given, the judgment is affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.