## L. B. Price Mercantile Company *v.* Cuilla.

### Opinion delivered October 16, 1911.

1. Malicious prosecution—probable cause—advice of counsel.— Where one lays all the facts in his possession before the public prosecutor, or before counsel learned in the law, and acts upon the advice of counsel in instituting a prosecution, this is conclusive evidence of the existence of probable cause, and is a complete defense in an action for malicious prosecution. (Page 318.)

2. Same—instructions.—The error of refusing to instruct the jury, in a suit for malicious prosecution, that the examination of the plaintiff by a magistrate, who bound him over to the grand jury, was *prima facie* evidence of probable cause, was harmless where the court told the jury that the burden of proof was upon the plaintiff to show by preponderance of the evidence the want of probable cause in instituting the prosecution. (Page 319.)

3. Same—instruction—weight of evidence.—While the jury may infer malice from the want of probable cause, it is error to instruct the jury that they may make such inference. (Page 320.)

Appeal from Sebastian Circuit Court, Fort Smith District; *J. S. Maples*, Judge on Exchange; reversed.

*A. A. McDonald*, for appellant; *J. H. Grant*, of Oklahoma, of counsel.

1. The court, on appellant's request, should have given a peremptory instruction to find for the defendant. A plain-

tiff, to maintain an action of this kind, must prove both malice and want of probable cause, the main inquiry being, did the prosecutor in the former action have reason or probable cause to prosecute or sue? · If the prosecution was instituted upon advice of counsel, especially that of a public prosecutor, that is a complete defense, even though that advice was erroneous, and the facts were incorrectly stated to him. Moreover, where the facts as to probable cause are undisputed, it is a question of law for the court to determine, and should not be submitted to the jury. 32 Ark. 763; 33 Ark. 316; 71 Ark. 351; *Id.* 422; 82 Ark. 252; 85 Pac. 926; 15 La. Ann. 615. ·

2.   The court erred in modifying the sixth instruction so as to strike out that part charging the jury that if the plaintiff was charged with a felony, was examined by a justice of the peace and was by him bound over to await the action of the grand jury on that charge, this was *prima facie* evidence of probable cause. 76 Ark. 41, 42.

*Rowe & Rowe,* for appellee.

1.   Where a person, before instituting a criminal prosecution, seeks advice of a prosecuting officer or other attorney, and fails to disclose to him all the material facts within his knowledge, the fact that he acted on advice so obtained will be no defense to him against an action for malicious prosecution.

2.   The instructions given by the court, taken as a whole, fully presented to the jury every phase of the case under the evidence. It was not error to refuse an instruction requested by appellant which was in substance the same as other instructions given. 13 Ark. 705; 15 Ark. 624; 16 Ark. 296; 23 Ark. 282; 29 Ark. 8; 34 Ark. 383, 650; 43 Ark. 184; 46 Ark. 141; 51 Ark. 147; 52 Ark. 180.

McCULLOCH, C. J.   This is an action instituted by the appellee against the appellant  to recover damages for an alleged malicious prosecution instituted against him before a justice of the peace of Sebastian County, Arkansas, by appellant's agent, one C. F. Berwinkle.   Appellant is a foreign corporation, domiciled and engaged in business at Fort Worth, Texas, with branch offices at Oklahoma City, Oklahoma, and at Fort Smith, Arkansas.   It is engaged in the business of peddling merchandise from house to house through sales agents sent

out for that purpose.   Appellee was one of appellant's sales agents for a year or more, selling goods on commission, under the Fort Worth store.   In September, 1907, he was transferred to the Fort Smith office, and placed in charge thereof as manager on a salary of $65 per month and commissions on all sales made through his office.   His office was conducted under the general supervision of Berwinkle, who was appellant's manager of the Oklahoma City office.   In January, 1908, appellee was found to be short in his accounts, and Berwinkle went to Fort Smith for the purpose of making a settlement with him and placing another man in charge of the office.   Appellee was found to be short in his accounts for the months of November and December, 1907, in the aggregate sum of $233.43, which constituted collections made by him and retained over and above his salary and commissions and also a shortage in his stock report.   Upon his failure to settle the amount, Berwinkle sought the advice of the deputy prosecuting attorney of Sebastian County, and then instituted the prosecution before a justice of the peace.   Appellee was arrested on a warrant issued by the justice, and on examination was bound over to await the action of the grand jury, but the grand jury failed to return an indictment against him, and he was discharged.   The affidavit for arrest was prepared by the deputy prosecuting attorney, who accompanied Berwinkle to the office of the justice of the peace, where the affidavit was signed. Appellee claimed, in his testimony, that appellant was indebted to him, at the time of this occurrence, in the sum of $16 for commissions and also for a large amount of commissions earned while he was working for the Fort Worth office.   He does not deny the shortage in his accounts for the months hereinbefore mentioned, but claims that Berwinkle had, some time in October, 1907, authorized him to use collections made in excess of the amount due him for salary, and that the same would be taken out of the commissions which would subsequently become due.   Letters written by appellee to Berwinkle were introduced in evidence, showing that he had credited himself with more salary than he was entitled to, and that he had failed to make remittances for collections and used the money for his private purposes.

The law is well settled that, where one lays all the facts in

his possession before the public prosecutor, or before counsel learned in the law, and acts upon the advice of such counsel in instituting a prosecution, this is conclusive of the existence of probable cause, and is a complete defense in an action for malicious prosecution. *Kansas & Texas Coal Co.* v. *Galloway,* 71 Ark. 351.

In the present case it is undisputed that Berwinkle, before he instituted the prosecution, went before the deputy prosecuting attorney and acted upon his advice in setting the prosecution on foot. The affidavit for arrest was prepared by that officer, and was filed before the justice in his presence. The only contention made by appellee is that Berwinkle did not state to the prosecutor all the facts in his possession, or at least that the jury were warranted in so finding. Appellee testified that Berwinkle authorized him to use the money of appellant in excess of his salary and commissions, but the letters of appellee exhibited in the record tend to show that this statement is not true, and placed the matter fairly in dispute as to whether or not he had been previously authorized by Berwinkle to use the money. Berwinkle testified that he had nothing to do with the prior accounts between appellee and appellant while he was working through the Fort Worth office, and did not know whether there were unadjusted accounts between them. As the case is to be reversed on other grounds, and the testimony may be different in the next trial, we will not decide whether the testimony warranted the jury in finding that Berwinkle did not in good faith state to the prosecutor all the facts in his possession.

Appellant asked an instruction which the court modified by striking out the declaration to the effect that the examination of appellee before, and the binding over of appellee by, the magistrate constituted *prima facie* evidence of probable cause. This instruction was correct, and the court erred in its modification. *Wells* v. *Parker,* 76 Ark. 41; *Casey* v. *Dorr,* 94 Ark. 433. We are of the opinion, however, that the error of the court was harmless, because the court gave several instructions telling the jury that the burden of proof was upon appellee to show by a preponderance of the evidence the want of probable cause for the prosecution and malice on the part of appellant's agent in instituting the prosecution. This

placed the burden upon appellee of overcoming the *prima facie* case, and there was, therefore, no prejudicial error in refusing to instruct the jury in terms that the binding over by the magistrate made a *prima facie* case of probable cause.

The court gave the following instruction over appellant's objection, which is also assigned as error:

"4.   If you believe from the facts and circumstances proved on this trial that the defendant did not have probable cause for prosecuting the plaintiff, and that the defendant did prosecute him as set forth in the complaint, then you may infer malice from said want of probable cause, if want of probable cause existed."   This instruction was erroneous, in telling the jury, as a matter of law, that they might infer malice from want of probable cause.   This amounted to an instruction on the weight of the evidence, for it was equivalent to saying to the jury that a finding of want of probable cause was sufficient to justify a finding of malice.   Now, a trial jury in a case of this sort may or may not, according to the circumstances of the case, draw an inference of malice from a want of probable cause.   It is a mere inference of fact and not presumption of law;   and as the jury are not bound to draw such an inference as a matter of law, it amounts to an instruction on the weight of the evidence to tell them what facts are of sufficient weight to warrant the inference.   *O'Neal* v. *Mc-Kinna,* 116 Ala. 606;   *Harpham* v. *Whitney,* 77 Ill. 32;   *Ton* v. *Stetson* (Wash.) 88 Pac. 668;   *Griswold* v. *Griswold,* 143 Cal. 617.

The Illinois court in the case cited above said:

"To maintain an action for malicious prosecution, it must appear that there was not probable cause for the prosecution, and also that the parties were actuated by malice in instituting the prosecution.   There must be both want of probable cause and malice.   If the law imputed malice from want of probable cause, then there would be no distinct requirement of malice, but want of probable cause would be the sole element necessary.   It is often said, the jury may infer malice from want of probable cause.   They may do so under certain circumstances, but not in all cases.   Malice is in no case a legal presumption from the want of probable cause, it being for the jury to find from the facts proved, where there was no probable cause, whether there was malice or not."

It is true that this court has, in two cases, laid down the rule that the jury may infer malice from the want of probable cause. *Lavender* v. *Hudgens*, 32 Ark. 763; *Bozeman* v. *Shaw*, 37 Ark. 160. But this was not said in discussing instructions given by the trial court but in weighing the testimony here for the purpose of testing its legal sufficiency. This court also in *Lemay* v. *Williams*, 32 Ark. 166, affirmed the judgment in a case where an instruction similar to the one now under consideration had been given, but the court passed over that instruction in the opinion without discussion and did not decide the particular question we now have before us. In discussing the legal sufficiency of evidence, this court often uses language which is entirely inappropriate in an instruction, because it would amount to a statement of law upon the weight of evidence. Often language is appropriately used in opinions of this court which would be entirely inappropriate in declaring the law to the jury. This court properly discusses the weight of evidence in testing its legal sufficiency, but the Constitution forbids trial courts from charging juries upon the weight of testimony. *Duckworth* v. *State*, 83 Ark. 192; *Haley* v. *State*, 99 Ark. 147. A trial jury, in determining whether a prosecution was maliciously instituted, may consider the fact that there was a probable cause for the prosecution along with other facts and circumstances proved in the case, including the conduct of the parties who instituted the prosecution; but they should not be told that the want of probable cause, any more than any other fact or circumstance proved in the case, was sufficient to justify an inference of malice. The giving of this instruction was therefore erroneous and prejudicial, and calls for the reversal of the case.

For the error indicated the judgment is reversed, and the cause remanded for a new trial.