ENGLER *v.* CREEKMORE.

4-5143

Opinion delivered July 4, 1938.

*Starbird & Starbird* and *R. S. Wilson,* for appellant.
*Partain & Agee,* for appellee.

HUMPHREYS, J. Appellee filed suit against appellant in the circuit court of Crawford county to recover damages of $2,500 on each of two counts in the complaint for two alleged malicious prosecutions before Jim Cain, a justice of the peace in Mountain township in said county.

It was alleged in the first count of the complaint that on the 29th day of April, 1937, appellant, without probable cause executed and filed before said justice of the peace an affidavit for a peace bond upon which a warrant was issued under which appellee was arrested by

the constable of said township and required to give a bond in the sum of $500 for his appearance on the 10th day of May, 1937, at which time the case was dismissed on account of the failure of appellant to appear and prosecute him, and further alleged that appellee was not guilty of any conduct warranting his arrest.

In the second count of the complaint, appellee alleged that on the 8th day of May, 1937, the appellant executed and filed before the same justice of the peace another affidavit praying for a warrant of arrest of the appellee for the offense of a breach of the peace, and that pursuant thereto and at the instance of appellant a warrant of arrest was duly issued for the appellee; that he was arrested under it and brought before said justice of the peace on the same date, and that he was discharged without any trial; that the affidavit was made by appellant without probable cause or justification.

On July 5, appellant filed an answer denying each and every material allegation contained in the complaint. At the conclusion of appellee's testimony appellant requested the court to direct a verdict in his favor for the reason that appellee himself had made admissions that justified appellant in applying to the justice of the peace to require appellee to make a peace bond and in having him arrested for a breach of the peace. This request was denied and the court submitted the cause to a jury under the evidence and upon his instructions as to the law, which resulted in a verdict and consequent judgment against appellant in the amount of $500 on the first count in appellee's complaint and $250 on the second count, from which judgment an appeal has been duly prosecuted to this court.

The law is that, in order for one to prevail in a suit based on the allegation of malicious prosecution a preponderance of the evidence must show that the prosecution complained of was instituted maliciously, without probable cause, and that it terminated in favor of the defendant. According to the undisputed evidence the two prosecutions terminated in favor of appellee, as the prosecution to procure a peace bond was dismissed for failure of appellant to appear and prosecute the case and the

prosecution for a breach of the peace was dismissed without a trial. The evidence is conflicting as to whether the prosecutions were maliciously instituted, but, according to appellee's own testimony, he challenged appellant to fight him in order to settle a difference which had arisen between them concerning the building of a wall or fence.

"Q. You said awhile ago you would fight it out? A. I had asked him to fight before that. Q. What did he do; did you fight? A. No, sir. Q. What was the occasion before that? A. When he started building this fence across the street we had had a difference in the street. We were in Simco's store. I said, 'Doctor, this is going to run into court and be a lot of expense and is going to cause a great deal of trouble.' And I told him, let's you and I go out into the street and if you best me you can run your fence over there, run it to my wall and to my fence, and if I best you, you will leave it out of the street. Q. That was the way you wanted to settle that? A. Yes, sir. Q. You later changed your mind and was going to fight it out? A. That was the beginning of it. The first thing I knew, he had me arrested."

It is true that appellee testified that he never at any time threatened the life of appellant or that he ever did him any bodily harm or injury, but his banter and challenge to fight appellant in Simco's store fully justified appellant in placing appellee under a peace bond. It is not necessary for one to threaten to kill another before he can be put under a peace bond. We have a statute requiring security to keep the peace or for good behavior, which reads as follows: A person may be arrested for the purpose of requiring of him security to keep the peace, or for his good behavior in the following cases: "First. Upon the complaint, on oath, of a person threatened to a magistrate, that the defendant has threatened to commit an offense against his person or property, and upon the magistrate being satisfied, by an examination, on oath, of the complainant or others, that there are reasonable grounds to fear the commission of the offense threatened.

"Second. . . .

"Third. When a magistrate or court is satisfied by the conduct or words of a person in the presence of such magistrate or court, or from proof given before such magistrate or court, that there are reasonable grounds for apprehending that such person will commit an offense against the person or property of another." Pope's Dig., § 4185.

The purpose and intent of the statute was and is to prevent fights so when one challenges another to settle a difference by fighting he is violating the spirit of the statute.

After appellee had been put under a bond to keep the peace he followed the matter up and on the 8th day of May he admits that he abused appellant by referring to him as a copperhead snake and walked toward him, at which time appellant retired to his own yard. These abusive words and conduct on the part of appellee justified appellant in having him arrested for a breach of the peace.

It is apparent from a reading of the entire testimony that appellee was the aggressor in both of these altercations, and his purpose was to abuse and fight appellant if he could get a fight out of him.

We have, therefore, concluded that the undisputed evidence shows that appellee, by his conversation and conduct toward and about appellant, gave appellant probable cause for putting him under a peace bond and having him arrested for a breach of the peace.

It follows that the court should have granted appellant's request for a peremptory instruction to return a verdict in his favor.

On account of the error indicated, the judgment is reversed, and the cause dismissed.