COFFELT *v.* GORDON

5-3605                                    390 S. W. 2d 633

Opinion Delivered May 31, 1965.

*Kenneth Coffelt,* for appellant.

*House, Holmes & Jewell,* By: *Ed B. Dillon, Jr.,* for appellee.

FRANK HOLT, Associate Justice. The appellants filed separate complaints for malicious prosecution against the various appellees. The appellees demurred to both complaints and when appellants refused to plead further, the trial court dismissed the complaints. The cases are consolidated for appeal. For reversal appellants contend that "the complaints are good as against the demurrers."

In each complaint it is alleged that appellees "conspiring together, wilfully, maliciously, and without probable cause, filed and caused to be filed, a petition for contempt citation against" appellants in a chancery court proceeding. The appellants sought compensatory and punitive damages for the alleged malicious prosecution.

It is true that a demurrer admits the verity of all facts that are well pleaded in a complaint in testing its sufficiency. *Southwestern Publishing Co.* v. *Ney,* 227 Ark. 852, 302 S. W. 2d 538. However, before one can successfully maintain an action for malicious prosecution his complaint must contain the essential allegation that the proceeding about which he complains has terminated in his favor. *Haglin* v. *Apple,* 65 Ark. 274, 45 S. W. 989; *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851; *Engler* v. *Creekmore,* 196 Ark. 717, 119 S. W. 2d 497. See, also, 34 Am. Jur., Malicious prosecution, § 6. In the case at bar a review of the two complaints reflects that in neither is it alleged that the contempt proceedings filed against the appellants had terminated favorably to either of them.

The rationale for the necessity of alleging a favorable termination is well expressed in 34 Am. Jur., Malicious Prosecution, § 27:

"* * * The rule is founded on the necessity of proving that a prosecution which itself puts in issue the truth of the charge on which it is founded is without probable cause. Until a complaining party has shown that the action against him was unsuccessful, he has not shown that he has suffered any damage, and if he were permitted to

sue before he had won the first suit, he might secure a recovery for the bringing of an action which the Court entertaining such cause may find to be well brought.''

Neither can it be said that appellants' allegation of a conspiracy corrected the deficiency in their complaints. *Ragsdale* v. *Watson,* 201 F. Supp. 495 (Western District, Arkansas, 1962). There the court quoted with approval:

''* * * an act which, if done by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several.''

Also see *Southwestern Publishing Co.* v. *Ney, supra.* Therefore, before the allegation of the existence of a conspiracy can benefit the appellants it is still necessary that they allege the prior proceeding has terminated successfully for them.

Since this essential element is lacking in appellants' complaints, we hold that the trial court was correct in sustaining the demurrers and dismissing the complaints.

Affirmed.

Robinson, J, not participating.