# F. F. MOON *v.* THE SPERRY AND HUTCHINSON CO., a Corporation

5-5507            465 S. W. 2d 330

Opinion delivered April 12, 1971

*Brockman, Brockman & Gunti,* for appellant.

*Warren & Bullion,* for appellee.

FRANK HOLT, Justice. Appellant instituted this action against the appellee, owner of the S & H Green Stamp

Center, for false imprisonment and detention. The trial court granted a motion for summary judgment against appellant and he appeals. For reversal appellant contends that the trial court erred because there were genuine issues of fact to be resolved by a jury.

Appellant entered the S & H Green Stamp Center to visit one of the employees who happened to be absent. An employee of appellee, Mrs. Lou Coil, thought she saw the handle of a pistol protruding from appellant's pocket while appellant was in the store, acting in a manner that aroused her suspicion. The appellant was a stranger to Mrs. Coil. Mrs. Coil left the store and called the police. Two officers were directed to the Center where they were met outside the building by Mrs. Coil who accompanied them into the store and identified appellant.

There is a conflict of testimony as to the events which occurred after the police arrived. According to the evidence adduced by appellee, the officers approached appellant and asked if he had a gun. Appellant denied possession by saying: "I do not, search me," and he put both hands up. The officer then "patted" the outside of appellant's clothing and determined that appellant was not armed. Appellant was not further detained nor was an additional search conducted. According to appellant's evidence, the police entered the store and approached him after Mrs. Coil had identified him as the man with a gun. After appellant had denied having a gun in his possession, the police asked him what he had in his hand, whereupon he showed them a car key in a leather case and told them he was a longtime local resident. The officers then stated: "Well, we have orders to arrest you and search you, put up your hands." Appellant replied: "Okay, if you find anything why give me half of it please." He stated the occurrence "kind of shocked me." As to the police officers' conduct during the investigation, appellant testified as follows: "I held my hands up and they went all over me. I wouldn't say whether they ran their hands in my pockets or out." Afterwards he left the store.

The only issue presented here is whether the trial judge acted properly in holding, as a matter of law, that appellee's employee's actions were insufficient to constitute false imprisonment.

Ark. Stat. Ann. § 29-211 (Repl. 1962) provides that a summary judgment shall be rendered if the pleading and proof on file show "that there is no genuine issue to any material fact and that the moving party is entitled to judgment as a matter of law." Under the provisions of this statute, any evidence submitted with the motion must be viewed in the light most favorable to the party resisting the motion, with all doubts and inferences being resolved against the moving party. *Russell* v. *City of Rogers,* 236 Ark. 713, 368 S. W. 2d 89 (1963). In support of his contention that a genuine issue of material fact did exist as to whether appellee's employee did falsely arrest and detain him, appellant cites Ark. Stat. Ann. § 41-1601 (Repl. 1964) which defines false imprisonment as "the unlawful violation of the personal liberty of another, and consists in confinement or detention without sufficient legal authority." It appears that appellee's employee's activities were confined to notifying the police and identification of appellant. The principle of law announced by this court in *McIntosh* v. *Bullard, Earnheart & Magness,* 95 Ark. 227, 129 S. W. 85 (1910) is: "Where a person does no more than to give information by affidavit to an officer relative to a matter over which he has jurisdiction, such person is not liable for a trespass for false imprisonment for the acts done under a warrant which the officer issues on said charge." The above mentioned rule was made in conjunction with an action for illegal arrest and false imprisonment, a fortiori, we think it controls in the case at bar.

This rule is in accord with the general rule laid down in 22 Am. Jur., False Imprisonment, § 30, p. 371, which reads as follows: "To be liable in an action for false imprisonment, one must have personally and actively participated therein directly or by indirect procurement." 32 Am. Jur. 2d, False Im-

prisonment, § 35, p. 99, sets out what constitutes direction or investigation as follows: "In short, the arrest by the officer must be so induced or instigated by the defendant that the act of arrest is made by the officer, not of his own volition, but to carry out the request of the defendant. Merely summoning an officer for protection or to keep the peace, or to deal with a person accused of crime, is not sufficient participation to impose liability, as a general rule." To the same effect, see Restatement, Second, Torts, § 45A. Even though Mrs. Coil was mistaken in her belief that appellant was carrying a gun, her actions of calling the police and identifying appellant are insufficient acts, in the circumstances, to constitute direct or indirect procurement of the alleged detention. 21 ALR 2d 643—717 [ALR 2d Later Case Service 3, §§ 23, 27]. As we view this record, there is no genuine issue of a material fact. When the evidence is considered most favorably to appellant, it merely shows that appellant was detained only by the police for a period of time sufficient to conduct a limited investigation by them.

Affirmed.

BYRD, J., concurs.