## JOEY BROWN INTEREST, INC. and John F. BROWN *v.* THE MERCHANTS NATIONAL BANK OF FORT SMITH

84-200                                                    683 S.W.2d 601

Supreme Court of Arkansas
Opinion delivered January 21, 1985

*Warner & Smith,* by: *G. Alan Wooten,* for appellants.

*Thompson, Paddock & Llewellyn, P.A.,* by: *William P. Thompson,* for appellee.

DAVID NEWBERN, Justice. This case presents questions of the propriety of granting summary judgment. The case was certified to this court because defamation is involved. Our jurisdiction arises from Supreme Court and Court of Appeals Rule 29(1)(o).

The Merchants National Bank of Fort Smith sued Joey Brown Interest, Inc., and John F. Brown, individually and as president of the corporation, for failure to pay a promissory note which the bank had taken from the corporation and which was guaranteed by John F. Brown. Brown drafted an answer and counterclaim without the assistance of counsel. The bank prevailed with respect to the note and was awarded a judgment on its claim. No aspect of that claim or judgment is at issue here.

The bank was also awarded a summary judgment with respect to the counterclaim. It is from this summary judgment that this appeal is taken.

In their counterclaim, Brown and the corporation made four allegations. First, they alleged the bank had improperly sent a certificate of deposit it had issued to Brown's mother to the Yell County Chancery Court in response to a writ of garnishment against Brown. Secondly, they alleged the bank had improperly frozen Brown's Keogh retirement account in response to the same writ of garnishment. Thirdly, they alleged the bank had failed to honor Brown's request that the bank, in credit reports issued by the bank on Brown, make note of the effect of the garnishment writ on his financial situation. The fourth allegation was simply that the bank had "defamed and damaged" Brown and the corporation.

In support of its motion for summary judgment on these claims the bank submitted affidavits of bank officers who recited the facts surrounding the bank's receipt of the writ of garnishment from the Yell County Chancery Court. One affidavit made it clear that when the writ was received by the bank Brown's name appeared, with that of his mother, as a joint owner with right of survivorship on a certificate of deposit held by the bank. The writ of garnishment, which appears in the record as an exhibit to each of the bank officers' affidavits, required the bank to report any "goods, chattels, moneys, credits and effects" belonging to John F. Brown.

In response to the bank's motion for summary judg-

ment Brown submitted his own affidavit. The facts recited with respect to the first allegation were that Brown's name was on the certificate of deposit as "a matter of convenience," and that upon being told of the writ by an officer at one bank branch Brown went to a different branch where he cashed the certificate of deposit and used the cash to purchase another certificate solely in his mother's name. This later certificate was the one sent to Yell County.

With respect to the second allegation, the facts recited were that Brown's Keogh account was withheld from him when he asked that it be transferred from the bank to another depository. Brown's affidavit recites he was not informed that the Keogh account was to be held pursuant to the writ at the same time he was informed the certificate of deposit was to be held. His affidavit recites further that no subsequent writ of garnishment was issued.

As to the third allegation, the affidavit of Brown states the bank did not furnish him with copies of notice given to the credit bureau advising the credit bureau of the "disputed status of my Keogh account and my mother's C.D." It is not clear whether Brown is complaining that the bank did not honor his request to issue reports to unnamed persons or that the bank did not include the information on reports it made. He also stated the bank had refused to turn over his mother's certificate and the Keogh account "upon being notified that [he] had posted a supersedeas bond to insure collection" of the judgment which was the basis of the garnishment writ.

Brown does not state by whom the notice was given to the bank. It should be noted here that the record shows that when the Yell County Chancery Court ultimately released the bank from the writ of garnishment the bank promptly paid off the certificate of deposit and transferred the Keogh account.

Finally, presumably in support of the defamation allegation, Brown's affidavit made in support of the response to the summary judgment motion states:

Numerous employees of Merchants National Bank have told others of my financial status, the Writs of Garnishment, etc. and subjected me to ridicule in the community by others. These actions have caused me to be unable to carry on my business in a normal manner which requires a good credit standing in the community and as a result thereof I have been damaged.

In awarding summary judgment to the bank, the judge pointed out that Brown had no standing to complain about the bank holding a certificate which Brown alleged belonged to another. Nor had he presented any facts or, for that matter, law showing the bank should have or could have ignored the writ of garnishment with respect to the Keogh account. As to the credit reports, nothing presented by Brown showed the bank had made any such reports or had a duty to make any. The judge was entirely correct in stating there was no genuine issue of material fact in dispute as to these allegations. As to these allegations there was a proper motion for summary judgment which was supported by factual affidavits in accordance with Ark. R. Civ. P. 56(b) and (c), and we find it was properly granted.

The defamation claim gives us a little more pause. Nothing was said in the affidavits, submitted with the bank's summary judgment motion, about the defamation claim. It is clear that the counterclaim stated no facts showing Brown and the corporation were entitled to relief for defamation. Ark. R. Civ. P. 8(a). The claim thus could have been dismissed for failure to state facts upon which relief could be granted. Ark. R. Civ. P. 12(b)(6). *Harvey* v. *Eastman Kodak Co.*, 271 Ark. 783, 610 S.W.2d 582 (1981). *See*, H. Brill, Faculty Note, 34 Ark. L. Rev. 722 (1981). A motion to dismiss for failure to state facts upon which relief could be granted was made as to the entire counterclaim. The motion was, in effect, granted by the court in a default judgment which dismissed the counterclaim with prejudice. However, that judgment was set aside, and the motion to dismiss was not thereafter pursued by the bank which pursued instead its summary judgment motion. Some, perhaps all, of the allegations of the counterclaim, in addition to the defamation claim, could have been dismissed

for failure to state facts upon which relief could be granted, but they were not, and, as stated, we have no difficulty with the summary judgment as to them.

The question as to the defamation allegation becomes whether we should affirm the summary judgment in spite of the failure of the moving party to address it in the supporting affidavits. This, in turn, raises questions as to the relationship between the motion to dismiss for failure to state facts upon which relief may be granted and the summary judgment motion, questions which have not been addressed by this court.

We begin by looking to the language of Ark. R. Civ. P. 12(b) which provides that if, on a Rule 12(b)(6) motion,

> . . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, under some circumstances the summary judgment motion is an extension of the motion to dismiss for failure to state a claim. While the motion to dismiss alleges the failure to *state* a claim, the motion for summary judgment in these circumstances, alleges the failure to *have* a claim.

Was it proper to grant a summary judgment as to the defamation allegation which stated no facts sufficient for relief, given the failure of the bank to support its motion by affidavit or otherwise? May a motion for summary judgment be made on the basis of the pleadings? The federal courts, interpreting FRCP 56 upon which our rule was modeled, say it may. *See, e.g., Schwartz* v. *Compagnie General Transatlantique,* 405 F.2d 270 (2d Cir. 1968); *Chambers* v. *U.S.,* 357 F.2d 224 (8th Cir. 1966). *See also* J. Moore, *Federal Practice,* § 56.02[3], pp. 56-28 and 56-29 (Supp. 1976); C. Wright, A. Miller and M. Kane, *Federal Practice and Procedure,* § 2713, at p. 594 (1983).

In *U.S.* v. *Zibilich,* 542 F.2d 259, n.3 at pp. 260-261 (5th Cir. 1976), the court noted that where it was not clear whether the trial court's decision was in response to a motion to dismiss under FRCP 12(b)(6) or FRCP 56, the distinction was immaterial because in that case the question was the same, i.e., whether the moving party was entitled to relief in view of the failure of federal law to recognize the claim asserted.

In *Chambers* v. *U.S.,* supra, Judge Mehaffy dealt with a similar case and resolved the problem as follows:

> The purpose of our summary judgment rule is to expeditiously determine cases without necessity for formal trial where there is no substantial issue of fact and is in the nature of an inquiry to determine whether genuine issues of fact exist. If no factual dispute exists and the complaint does not state a cause of action, it should be disposed of by summary judgment rather than exposing the litigants to unnecessary delay, work and expense in going to trial when the trial judge would be bound to direct a verdict in movant's favor after all evidence is adduced. [357 F.2d at 227]

A summary judgment motion may be made on the pleadings alone. That is particularly so in a case like this where the allegation is defective. The response to the motion, by affidavit or otherwise, must set forth specific facts, Ark. R. Civ. P. 56(e), and may not consist of conclusions. *Turner* v. *Baptist Medical Center,* 275 Ark. 424, 631 S.W.2d 275 (1982).

In *Ratliff* v. *Moss,* 284 Ark. 16, 678 S.W.2d 369 (1984), this court held that where it was apparent the trial court was granting a motion to dismiss for failure to state facts upon which relief could be granted rather than granting a summary judgment the losing party should be given a chance to plead over, and the judgment was modified to permit the plaintiff to plead over. Here, however, we hold it was appropriate for the court to grant a summary judgment in view of the failure of Brown to show there was any factual issue remaining on his defamation claim. In other words,

our decision is based not on the counterclaim's inadequacy but on the inadequacy of the response to the summary judgment motion.

Brown and the company did not amend their counterclaim even after the motion to dismiss was made and the default judgment, which was later set aside, dismissed it with prejudice because of its lack of merit. They were fortunate to get beyond the pleading stage. When given an opportunity to recite specific details of the defamation allegation in response to the summary judgment motion, Brown only said numerous unnamed bank employees had told unnamed others about the writ of garnishment and his financial status. There are no facts to indicate these alleged communications were untrue or that they were made in the course of employment with the bank. The motion was therefore not opposed by specific factual statements required by Rule 56(e).

Affirmed.