Billy D. HEADRICK *v.* WAL-MART STORES, INC.

87-161                                    738 S.W.2d 418

Supreme Court of Arkansas
Opinion delivered November 2, 1987

*Boyce R. Davis*, for appellant.

*Matthews, Campbell & Rhoads, P.A.*, by: *George R. Rhoads*, for appellee.

DAVID NEWBERN, Justice. The appellant, Billy D. Headrick, filed a complaint against the appellee, Wal-Mart Stores, Inc., in which he asserted Wal-Mart's liability to him for malicious prosecution, false arrest, and libel. The complaint arose from Mr. Headrick's having been arrested for giving a Fayetteville Wal-Mart store a check which was returned for insufficient funds. The circuit court awarded a summary judgment in favor of Wal-Mart, and we affirm.

The undisputed facts are as follows. Mr. Headrick gave Wal-Mart a check for $168.86 in December, 1984. On January 3, 1985, the check was returned to Wal-Mart by the bank due to insufficient funds in Mr. Headrick's account. Thereafter, Wal-Mart sent Mr. Headrick a certified mail notice, which was received on January 24, 1985, stating that if payment were not received within five days, the check would be turned over to the "proper authorities." On January 29, 1985, Mr. Hulett, a Wal-Mart employee, gave the Fayetteville prosecutor an affidavit which set out the facts with respect to the check. On February 2, 1985, Mr. Headrick went to the Wal-Mart store and paid the obligation for which the check was given. On February 11, 1985, the prosecutor issued a warrant for Mr. Headrick's arrest, and the warrant was the basis of his arrest on April 11, 1985.

From the pleadings, discovery responses, and affidavits considered by the court two possibly disputed facts emerge. First, Mr. Headrick asserts that "immediately" after receiving the notice on January 24, 1985, he called the Wal-Mart store and explained that he would pick up the check upon receiving his disability check the first of the month, presumably February 1, 1985. Discovery responses show that Mr. Headrick cannot give the name of the person to whom he spoke and that Wal-Mart, although it keeps records of all contacts with respect to dishonored checks, had no record of the call. Second, Wal-Mart asserted, and Mr. Headrick refused its request to admit, that Mr. Hulett did nothing to further the arrest or prosecution of Mr. Headrick other than give the affidavit to the prosecutor.

## 1. Malicious prosecution

Mr. Headrick contends that the question whether he called Wal-Mart about the check after he was notified it was bad goes to the question of Wal-Mart's good faith in having him prosecuted. He notes, but does not suggest anything presented by him to controvert it, Mr. Hulett's contention that nothing was done by Wal-Mart to further Mr. Headrick's arrest or prosecution other than giving the affidavit to the prosecutor. He also notes that the record does not show he was ultimately prosecuted with respect to the check.

■■ The last of these points displays the problem with Mr. Headrick's malicious prosecution claim. For him to prevail he must allege and prove that he was prosecuted and that the prosecution resulted in a decision in his favor. *Farm Service Cooperative Inc.* v. *Goshen Farms, Inc.*, 267 Ark. 324, 590 S.W.2d 861 (1979); *Coffelt* v. *Gordon*, 239 Ark. 619, 390 S.W.2d 633 (1965). Having failed to set forth facts upon which a claim for malicious prosecution could be based, Mr. Headrick cannot complain that the court found no disputed facts in relation to that claim and granted summary judgment. *See Joey Brown Interest, Inc.* v. *Merchants National Bank of Fort Smith*, 284 Ark. 418, 683 S.W.2d 601 (1985).

## 2. False Arrest

■ "False arrest" is a name sometimes given to the tort more generally known as "false imprisonment." W. Prosser and W. Keeton, *The Law of Torts*, at 47 (5th ed. 1984). While our cases setting out the elements of false imprisonment were aided by a since-repealed statute, they nonetheless have used a fairly standard definition, (*see* Restatement (Second) of Torts, § 35, (1965)), that is, the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority. *Moon* v. *The Sperry and Hutchinson Company*, 250 Ark. 453, 465 S.W.2d 330 (1971); *Faulkinbury* v. *U.S. Fire Insurance Company*, 247 Ark. 70, 444 S.W.2d 254 (1969).

■■ In the *Moon* case a store employee thought the plaintiff was carrying a gun in the store and summoned the police who arrested the plaintiff and searched him, finding no gun. In the

ensuing false imprisonment case, we held it was proper for the trial court to hold as a matter of law that the employee's actions were insufficient to constitute false imprisonment. Quoting our opinion in *McIntosh v. Bullard, Earnheart & Magness*, 95 Ark. 227, 129 S.W. 85 (1910), we said: "Where a person does no more than to give information by affidavit to an officer relative to a matter over which he has jurisdiction, such person is not liable for a trespass for false imprisonment for the acts done under a warrant which the officer issues on said charge." 250 Ark. at 455, 465 S.W.2d at 331. This same point is made in the commentary to Restatement (Second) of Torts, § 45A, (1965), which says, in part: "One who instigates or participates in a lawful arrest, as for example an arrest made under a properly issued warrant by an officer charged with the duty of enforcing it, may become liable for malicious prosecution, . . . or for abuse of process, . . . but he is not liable for false imprisonment, since no false imprisonment has occurred." Mr. Headrick's denial that Mr. Hulett did no more than give his affidavit to the prosecutor was not sufficient to respond to Mr. Hulett's affidavit in which he affirmatively said he did no more. A party responding to a motion for summary judgment which is supported by proof must meet that proof with proof of his own. *Pruitt v. Cargill, Inc.*, 284 Ark. 474, 683 S.W.2d 906 (1985); *Hughes Western World, Inc. v. Westmoor Manufacturing Company*, 269 Ark. 300, 601 S.W.2d 826 (1980). Therefore, the summary judgment was proper with respect to the claim of false imprisonment.

### 3. Libel

The complaint alleged libel, but that portion of the complaint was ignored in the discovery documents and affidavits which led to the summary judgment proceeding. Although Mr. Headrick's brief mentions the word, he does not address specifically that portion of the complaint or the trial court's action with respect to it. The brief says only in the most general way that there are genuine, material issues of fact remaining and that they pertain to whether Mr. Headrick was libeled. No authority and no convincing argument have been offered on this point, thus we will not consider it further. *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1987); *Arkansas Louisiana Gas Co. v. Hutcherson*, 287 Ark. 247, 697 S.W.2d 907 (1985); *Dixon v. State*, 260

Ark. 857, 545 S.W.2d 606 (1977).

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The complaint in this case alleged that Wal-Mart was liable to the appellant because it had committed the tort of malicious prosecution. As soon as Wal-Mart notified the appellant that his check had been returned for insufficient funds, appellant agreed to come in and pick it up when he received his disability check. Nine days later the appellant paid his insufficient check and paid Wal-Mart an additional ten dollars for its trouble. Although Wal-Mart accepted payment for the check on February 2, 1985, it failed to so notify the prosecutor until after appellant was arrested on April 11, 1985.

When a store files an arrest warrant affidavit charging an individual with a violation of the "Hot Check Law", and subsequently accepts payment for the check, the store should have a duty to inform the state that the check has been paid. A failure to do so is clearly evidence of false prosecution which should be considered by a trier of fact. Doing nothing can be as serious as doing something wrong.

Appellant's affidavit states he immediately notified Wal-Mart that he would make his check good at the first of the month. Nonetheless, Wal-Mart swore to the prosecutor that appellant had violated the "Hot Check Law". By not bothering to contact the prosecutor again to inform him that the appellant's check had been paid, Wal-Mart failed to disclose to the prosecutor the whole truth. Certainly the prosecutor would not have issued the arrest warrant had he known all the facts. Under these circumstances a jury could have found that Wal-Mart acted with malice after accepting payment for the check.

In my opinion there were clearly disputed facts which would support an allegation of malicious prosecution; therefore, it was error for the trial court to grant a summary judgment.