Michael GRANDJEAN *v.* Patrick GRANDJEAN

93-172                                    869 S.W.2d 709

Supreme Court of Arkansas
Opinion delivered January 31, 1994

*Mike Wilson*, for appellant.

*Diana M. Maulding*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Michael Grandjean, raises a single point for reversal in this appeal from a decision of the Pulaski County Circuit Court. He argues that, as a matter of law, the trial court erred in awarding $1,000 in damages to his brother, appellee Patrick Grandjean, for false arrest.

On appeal, Michael Grandjean presents an argument that, in form, addresses the trial court's false-arrest finding but that, substantively, constitutes a defense based on the elements required for the tort of malicious prosecution. We hold that Michael Grandjean has effectively changed his grounds for appeal, having asserted a point for reversal under the rubric of malicious prosecution that was not, as such, considered by the trial court. We therefore are unable to consider his argument.

An appellant may not change the basis for his argument or raise a new argument on appeal; he is limited to what was requested in the trial court. *See Oliver* v. *State*, 312 Ark. 466, 851 S.W.2d 415 (1993); *Warhurst* v. *White*, 310 Ark. 546, 838 S.W.2d 350 (1992).

Michael and Patrick Grandjean, together with two other brothers, James and Daniel Grandjean, shared equally in their father's estate upon his death in April 1991. By common agreement, Michael was named executor of the estate. Patrick was living at his father's house in Jacksonville at the time of his death. James moved in shortly thereafter.

The house was the major asset of the estate. By tacit understanding of the four brothers, Patrick and James, were allowed to continue residing in the house until the property could be sold. Several months later, a verbal agreement was struck under which

Patrick and James would be allowed to purchase the interests of Michael and Daniel for $10,000 per share. Patrick and James then attempted to secure a loan from a bank but were unsuccessful.

In the meantime, Michael and his wife, Cathy, painted, cleaned, and repaired the interior and exterior of the house, for which Michael was subsequently compensated from proceeds of the sale of the house. (Michael also received remuneration in his capacity as administrator of the estate.) According to Michael, neither Patrick nor James made any effort to maintain the property or to assist in its restoration.

Michael had grown impatient with Patrick and James because of their inability or unwillingness to proceed with the purchase of the house. As administrator of the estate, he listed the house with a realtor in early September 1991. Upon consultation with the attorney for the estate, who represented all four brothers, Michael was advised that he could evict Patrick and James. Subsequently, he gave individual notices to the two brothers to vacate the premises by October 10, 1991, despite objections from his brother Daniel, who resided out of state.

When Patrick and James failed to move by the specified date, Michael went to the prosecuting attorney on October 24, 1991, and signed affidavits for arrest warrants for failure to vacate. The affidavits contained the following identical boilerplate language under the heading, "Facts Constituting Probable Cause":

> I *Michael John Grandjean*, state that I ~~own~~/manage the property at *408 Braden Street, Jacksonville, Ar*. The residence at that address is leased or rented to *James Grandjean and Patrick Grandjean*. They are behind on there (sic) rent, and were served with a (10) ten day notice to vacate on *Oct 11, 1991*. The residence has not been vacated and the rent has not been paid.
>
> I swear that the allegations contained herein are the truth, the whole truth and nothing but the truth.

Michael crossed out the word "own" in the first sentence, leaving the word "manage."

The following day, arrest warrants were issued. Patrick was

arrested and remained in jail from 12:30 p.m. until 5:00 p.m., when a friend posted bond. James turned himself in prior to an arrest. Following these events, Patrick and James began moving articles out of the house, and Michael requested on three occasions that the prosecuting attorney drop the charges. On December 18, 1991, Patrick and James appeared in municipal court and were informed that the case had been dropped from the docket.

In March 1992, Patrick and James filed suit against Michael, alleging false arrest and breach of contract and asserting the right to punitive damages. A bench trial was held in October 1992, and the court found for Michael on the breach of contract claim. However, the court ruled that there was no agreement regarding the amount of rent to be paid to the estate by Patrick and James and that the affidavit signed by Michael was false. Moreover, the court declared, "Defendant was responsible for the false affidavit and Defendant knew that the judge would rely on the affidavit in determining whether probable cause existed for issuance of an arrest warrant." Finally, the court determined that the "defense of an affidavit is not available to Defendant on the claim of false arrest." Compensatory damages of $1,000 were awarded to Patrick Grandjean. (James received no award because, having turned himself in voluntarily, he was not subject to false arrest.)

In his sole point for reversal, appellant Michael Grandjean contends that, as a matter of law, the trial court erred in giving judgment against him on the false arrest claim. His argument, however, as indicated earlier, is based on the probable-cause defense to an action for malicious prosecution, and all of his authorities — *Culpepper* v. *Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990); *Price* v. *Morris*, 122 Ark. 382, 183 S.W. 180 (1916); *Laster* v. *Bragg*, 107 Ark. 74, 153 S.W. 1116 (1913); *L.B. Price Mercantile Co.* v. *Cuilla*, 100 Ark. 316, 141 S.W. 194 (1911); *Rogers* v. *General Electric Co.*, 341 F.Supp. (W.D. Ark. 1972) — are cases involving malicious prosecution rather than the issue at hand — false arrest.

It is, in fact, easy to understand the confusion regarding these two concepts. Courts in this country have confounded them for more than a century. *See Prosser and Keeton on the Law of Torts*, § 11, p. 54 (5th ed. 1984), *citing Rich* v. *McInerny*, 103 Ala. 345, 15 So. 663 (1894); *Neall* v. *Hart*, 115 Pa. 347, 8 A. 628

(1886); *Stewart* v. *Cooley*, 23 Minn. 347 (1877). As others have before, the trial court acknowledged the conceptual confusion in its findings from the bench:

> The [fact] of the matter is that whatever it is he signs, he, Mr. Grandjean, Mr. Michael Grandjean, signs an affidavit that is fundamentally false. It doesn't make me a lot of difference that someone prepared it for him. He had an obligation, even having disclosed what the circumstances were, to say, ["]No, Mr. Prosecutor, I manage the property in that I am the executor. But they're not behind in their rent. We never had an agreement as to what the rent ought to be. Maybe they should be charged rent, and perhaps I have an obligation as the personal representative of the estate to marshall together the assets of the estate to make the estate assets profitable, but I've not told them whether it's a dollar a year or anything else.["] That is a misstatement. And I believe under our law that he's responsible for that. I don't agree with you, Mr. Wilson, *I will not disagree with you that maybe they're different concepts of the law that we say are false arrest and malicious prosecution or something of that nature. But I say that in this context of these lawyers and this lawsuit that's just a label. It's a generic term.* And the evidence presented here shows that Mr. Grandjean signed an affidavit; if he didn't know he had good reason to believe or he's charge[d] with knowing that a Magistrate is going to look at that and determine whether or not probable cause is shown. The Judge doesn't hear this evidence. He determines from this writing whether or not. *So I find that . . . the Plaintiffs have prevailed on the issue of the illegal detention or unlawful arrest or whatever.*

(Emphasis added.)

In whatever light the trial court may have regarded them, false arrest and malicious prosecution are separate torts, and the fact remains that the trial court was dealing with a suit for false arrest. False arrest, or false imprisonment, has been defined by this court (and was formerly defined by a criminal statute, long since repealed) as the unlawful violation of the personal liberty of another, consisting of detention without sufficient legal authority. *Headrick* v. *Wal-Mart Stores, Inc.*, 293 Ark. 433, 738 S.W.2d

418 (1987); *Moon* v. *Sperry & Hutchison Co.*, 250 Ark. 453, 465 S.W.2d 330 (1971).

Malicious prosecution, on the other hand, consists of the following elements: (1) a proceeding instituted or continued by the defendant against the plaintiff; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for the proceedings; (4) malice on the part of the defendant; and (5) damages. *Hollingsworth* v. *First National Bank & Trust Co.*, 311 Ark. 637, 846 S.W.2d 176 (1993).

Michael Grandjean now advances a new argument on appeal that is appropriate to a claim for malicious prosecution rather than one for false arrest. In doing so, he asserts a point for reversal based on a tort not considered by the trial court and a defense not, strictly speaking, germane to the trial court's finding of false arrest. For this reason, we do not consider his argument on appeal. *Warhurst* v. *White, supra.*

On appeal, Michael Grandjean insists, as he did at trial, that he went to the prosecutor only after having been advised by the estate's attorney that, as administrator, he could seek his brothers' eviction from the house. He avers that he presented all the facts concerning co-ownership of the property to the prosecutor. This is a malicious-prosecution defense and is of no moment in a suit for false arrest. Had the case below been litigated as a suit for malicious prosecution, or had Michael Grandjean objected to the nature of the proceedings, a different result might have obtained. As matters stand, though, we can neither consider an argument that has been raised for the first time on appeal nor fashion a holding on the basis of a form of action that was not pursued at the trial level.

We hold that the finding of the trial court is affirmed.

GLAZE, J., concurs on the merits on the grounds that the appellant failed to prove malicious prosecution.

HAYS, J., dissents.

STEELE HAYS, Justice, dissenting. It is clear this case was pled, tried and decided on the theory of "false arrest."[1] The com-

---

[1]More generally "false imprisonment." See Prosser and Keeton, *The Law of Torts*, § 11, 47 (5th Ed. 1984).

plaint specifically alleges false arrest and the trial court awarded judgment to appellee Patrick Grandjean on that basis alone. The appellant's single point of error on appeal is that "the trial court erred as a matter of law in giving judgment against the appellant."

Before the trial court counsel for appellant carefully noted the distinction between false arrest/imprisonment and malicious prosecution, the latter cause requiring actual prosecution, an element lacking here. *Headrick* v. *Wal-Mart Stores, Inc.*, 293 Ark. 433, 738 S.W.2d 418 (1987). In fact, counsel cited the *Headrick* case to the trial court as distinguishing the two causes of action. Nor can I agree that appellant has altered his theory on appeal. It is now argued, as it was before the trial court, that he acted pursuant to his responsibility as executor, that Patrick and James Grandjean were occupying the only asset of the estate, rent-free, committing or permitting waste, and that appellant's duty was to sell the property. In October 1992, some seven months after their father's death, appellant consulted the attorney for the estate and was advised to evict the two brothers, which he proceeded to do.

There is no evidence appellant did not give a full disclosure to the deputy prosecuting attorney, in fact he showed him his Letters Testamentary. At no time did appellant claim that rent was owed by the brothers- the words "behind in there (sic) rent" were preexisting in a printed form used by the prosecutor and completed in the handwriting of the prosecutor. In short, all the appellant wanted was for the two brothers to vacate and when they did so he notified the prosecutor to dismiss the case.

Appellant's brief asserts that appellant acted on advice of counsel, a defense "supported by a long line of decisions of this court." It is true, as the majority observes, that those cases refer to malicious prosecution, but there is much overlapping of the substantive elements of the two torts and the cases cited are pertinent to appellant's theory of error, the identical theory he presented to the trial court. Indeed, much of our discussion of these two torts is interchangeable: For example, in discussing false imprisonment, this court has stated that, as a general rule, where a person does no more than give information by affidavit to an officer relative to a matter over which he has jurisdiction, such person is not liable for a trespass for *false imprisonment* for acts done under a warrant which the officer issues on said charge. *Moon*

v. *The Sperry and Hutchinson Co.*, 250 Ark. 453, 465 S.W.2d 330 (1971). Yet in *L. B. Price Mercantile Co.* v. *Cuilla*, 100 Ark. 316, 141 S.W. 194 (1911), one of the cases cited by appellant, we said (discussing *malicious prosecution*) "where one lays all the facts in his possession before the public prosecutor, or before counsel learned in the law, and acts upon the advice of counsel in instituting a prosecution, this is conclusive evidence of probable cause, and is a complete defense in an action for malicious prosecution." In *Laster* v. *Bragg*, 107 Ark. 74, 153 S.W. 1116 (1913) cited by the appellant, we said that where a party "lays all the facts before counsel and acts bona fide upon the opinion of counsel he is not liable for malicious prosecution." Yet, in *McIntosh* v. *Bullard*, 95 Ark. 227, 129 S.W. 85 (1910), in discussing false imprisonment, we wrote: "Where a person does no more than give information by affidavit to an officer relative to a matter over which he has jurisdiction, such person is not liable for false imprisonment which the officer issues on said charge." In *Beebe* v. *DeBaun*, 8 Ark. 510 (1848), we said that malice and want of probable cause are both essential requisites to the maintenance of an action for false imprisonment. In *Vinson* v. *Flynn*, 64 Ark. 453 (1897), we said these were the essential elements of malicious prosecution.

I believe the appellant has not changed arguments on appeal and is entitled to a ruling on the merits. I would reverse and dismiss.

