Donna R. WALLACE, as parent and next friend of Donna L. Wallace, a minor, Plaintiff,

v.

BRYANT SCHOOL DISTRICT, et al., Defendants.

No. LR–C–97–925.

United States District Court, E.D. Arkansas, Western Division.

March 26, 1999.

Williard Proctor, Jr., Proctor & Associates, Little Rock, AR, for plaintiff.

Bruce E. Munson, Huckabay, Munson, Rowlett & Tilley, PA, Little Rock, AR, for defendants.

## ORDER

STEPHEN M. REASONER, District Judge.

Presently before the Court is Defendant's motion for summary judgment (Docket No. 11). Plaintiff has responded to said motion, and Defendant has replied. For the reasons stated below, the Court grants Defendant's motion. Judgment will be entered accordingly.

### A. Background [1]

This suit is, at its heart, a controversy over school discipline and classroom administration. During the 1996–97 school year, Plaintiff was a student at Bryant Junior High School in Bryant, Arkansas, and during the fall of that school year, she was student in the choir. Defendant Rebecca Sanders directed the choir.

During the fall of 1996, Plaintiff, Plaintiff's mother, the school's principal, and Sanders met to discuss a disciplinary problem due to Plaintiff's disruption during choir class. Some time after this meeting, but still during the fall of 1996, Sanders disciplined Plaintiff for perceived misbehavior by sending Plaintiff to a room located off the choir room known as the music library. Plaintiff spent a total of three class periods in this room.

The room in which Plaintiff spent these three class periods measures ten feet by fourteen feet, has light controls inside the room, and can only be locked from inside

---

1. Plaintiff has not specifically contested any of the facts set forth in Defendant's statement of uncontroverted facts ("Statement") (Docket No. 13). The Court will, therefore, accept as uncontroverted all facts set forth therein. *See* Local Rule 56.1.

the room.[2] Plaintiff was not physically threatened or forced to enter this room, and she was able to do her homework there.

Based upon this discipline of spending three class periods in this music library, Plaintiff has sued the named Defendants. Plaintiff has asserted claims for false arrest and false imprisonment, negligent infliction of emotional distress, negligence,[3] and deprivation of Constitutional rights under 42 U.S.C. § 1983.

## B. Summary Judgment Standard

In pertinent part, Rule 56(c) states that summary judgment will be granted if "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In a trilogy of cases, the Supreme Court has established that summary judgment under Fed.R.Civ.Pro. 56 should be interpreted to accomplish its purpose of disposing of cases which are factually unsupported. These three cases also indicate that the trial judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The nonmoving party must establish significant probative evidence to prevent summary judgment, and the trial court must give the party opposing summary judgment the benefit of all favorable inferences. *Johnson v. Enron Corp.,* 906 F.2d 1234, 1237 (8th Cir.1990) (citations omitted). Also, once the moving party has properly supported its motion for summary judgment, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Finally, the nonmoving party may not rest on mere allegations or denials of its pleading, but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* n. 11, 106 S.Ct. 1348.

## C. Analysis

The Court will address each of Plaintiff's claims seriatim. The Court would note that Plaintiff has adduced no independent evidence of any kind in response to the deposition testimony and photographs of the music library provided by Defendant with its motion. Plaintiff has only submitted her own affidavit which the Court finds to be self-serving and conclusory. *See O'Bryan v. KTIV Television,* 64 F.3d 1188, 1191 (8th Cir.1995) (approving grant of summary judgment if non-moving party's only evidence to rebut motion is conclusory, self-serving statements made in affidavit); *Davenport v. Riverview Gardens Sch. Dist.,* 30 F.3d 940, 945 (8th Cir.1994) (affirming summary judgment for defendant-employer on plaintiff's claim of racial discrimination where plaintiff's only evidence to support allegation that he was treated differently from other similarly situated persons was his own unsubstantiated statements in deposition).

## 1. False Arrest/False Imprisonment

 "False arrest" is synonymous with the tort of "false imprisonment." *See*

**2.** Plaintiff has contested some of these facts in her Brief in Response stating "Plaintiff has not had the opportunity to confirm the accuracy of the measurements of the storage closet." Br. at 2. As this case has been pending for more than a year, the Court finds Plaintiff's excuse for not supplying the Court with her own measurements, if they are truly in dispute, as totally insufficient. At the summary judgment stage, Plaintiff must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 11, 106 S.Ct. 1348 (1986).

**3.** Various theories are asserted against the various Defendants.

*Headrick v. Wal–Mart Stores, Inc.,* 293 Ark. 433, 435 738 S.W.2d 418, 420 (1987). Under Arkansas law, false imprisonment is "the unlawful violation of the personal liberty of another consisting of detention without sufficient legal authority." *Id.*

■ The Court finds no support either factually or legally for Plaintiff's claim. Plaintiff states in her deposition that Sanders directed her to go to the library/closet and she went. Pl.Depo. at 74 & 94. There is no indication in the deposition that Plaintiff could not have refused Sander's directive. It is evident from reading the depositions submitted that if Plaintiff had refused to spend the choir period in the music library, then she would have been subjected to some other harsher form of disciplinary action. Further, Plaintiff cites no cases for the proposition that under Arkansas law a teacher cannot discipline a student in this manner.

### 2. Negligent Infliction of Emotional Distress

■ Plaintiff avers that Defendants' actions constituted the tort of negligent infliction of emotional distress. This tort is not recognized under Arkansas law. *Mechanics Lumber Co. v. Smith,* 296 Ark. 285, 752 S.W.2d 763 (1988).

The Court sees no reason to address Plaintiff's assertion that the Court should construe the claim as one for intentional infliction of emotional distress. Plaintiff has made no effort to amend her Complaint to include this tort among her claims. However, even if the Court were to allow Plaintiff the opportunity to amend her Complaint to state a claim for intentional infliction of emotional distress, the Court would find summary judgment appropriate.

■ In order for Plaintiff to recover under the tort of intentional infliction of emotional distress, or outrage, as it is sometimes called, she must show that the tortfeasor "willfully and wantonly" caused emotional distress to another "by extreme and outrageous conduct." *M.B.M. Co., Inc. v. Counce,* 268 Ark. 269, 280, 596 S.W.2d 681, 687 (1980). Plaintiff must establish the outrageous conduct "by clear cut proof." *Givens v. Hixson,* 275 Ark. 370, 631 S.W.2d 263 (1982). The Court finds that the facts in this case fall woefully short of a showing of extreme and outrageous conduct on the part of any of the Defendants in this case. The Court finds no legal basis for Plaintiff's claim, even if it were to be asserted, which it has not been.

### 3. Negligence

■ Plaintiff has sued Sanders for negligence and for the Bryant School District for negligence in hiring and supervising, instructing, and training personnel. Both Defendants are immune from suit under Ark.Code Ann. § 21–9–301 (Michie Repl. 1996), which states:

> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state shall be immune from liability for damages. No tort action shall lie against any such political subdivision because of the acts of their agents and employees.

In *Matthews v. Martin,* 280 Ark. 345, 658 S.W.2d 374 (1983), the Arkansas Supreme Court extended the immunity of section 21–9–301 to the officials and employees of these named governmental entities. Because these two Defendants fall squarely within the ambit of the statute and the *Matthews* case which construes it, this Court finds that these two alleged tortfeasors are immune from any tort liability, and that summary judgment must enter. *See Cousins v. Dennis,* 298 Ark. 310, 312, 767 S.W.2d 296, 297 (1989).[4]

4. The Court would simply note that Plaintiff has provided it with no legal authority which would remove these Defendants from the ambit of section 21–9–301.

## 4. Constitutional Violations

Finally, the Court addresses Plaintiff's constitutional claim. The Eighth Circuit has addressed a similar claim involving in-school detention in *Wise v. Pea Ridge Sch. Dist.*, 855 F.2d 560, 565 (8th Cir.1988). In *Wise*, the appellate court found no substantive due process violation under circumstances extremely similar to those presently before the Court. This Court must also find that Plaintiff has not sustained any violation of her substantive due process rights when she was placed in the music library for three class periods.

The facts before the Court are that the room contained approximately 140 square feet, the light controls for the room were inside the room, and the door could only be locked from inside the room. The record simply does not support any conclusion that the music library was prison-like.

## D. Conclusion

For the reasons stated above, the Defendant's motion for summary judgment is granted on all claims raised in Plaintiff's Complaint. Judgment will be entered accordingly.

IS SO ORDERED.