Michael BOYD, a Minor, by his Father and Next Friend, Charles BOYD *v.* Homer G. CONNELL, et al.

87-137                                       739 S.W.2d 536

Supreme Court of Arkansas
Opinion delivered November 16, 1987

*Pulliam, Davis & Wright,* by: *Nelwyn Davis,* for appellant.

*Wright, Lindsey & Jennings,* for appellees.

ROBERT H. DUDLEY, Justice. On September 24, 1983, Robert Connell, aged 16, had a driver's instruction permit which authorized him to drive an automobile while accompanied by a licensed driver. *See* Ark. Stat. Ann. § 75-310(a) (Repl. 1979). While driving a friend's car without being accompanied by a licensed driver, he ran into a car driven by James Finch. Michael Boyd was a passenger in the Finch car and was injured in the wreck. Michael Boyd filed suit against Finch and his parents, against the owner of the car Finch was driving, against the owners of the car Robert was driving, and against Robert and his parents.

Pursuant to ARCP Rule 68, all of the defendants except Robert's parents made a $17,000.00 offer of judgment. The offer was accepted, leaving only Robert's parents as defendants in the suit. The amended complaint against Robert's parents stated that they knew he was driving a car in violation of state law, that he had prior automobile accidents and, before that, had received traffic citations, and that, in allowing him to drive, the appellees were negligent in the supervision of their child. Depositions showed that about six months before this wreck, Robert had a wreck in his mother's car and had received three traffic citations while operating a motorcycle. Robert's parents have not controverted the allegation that they knew he was driving the borrowed car in violation of state law.

Robert's parents moved for a summary judgment. The trial court granted it on the basis that liability based on a minor's negligence is extinguished by a settlement of the claim against the minor. We reverse.

The plaintiff below, Michael Boyd, is not asserting a right to recover on the basis of imputed or vicarious liability. Instead, he is asserting a right to bring a direct action against the appellees for the negligent supervision of their child. *See* Restatement (Second) of Torts § 316 (1965). This court recognized an action for negligent supervision in *Bieker* v. *Owens*, 234 Ark. 97, 350 S.W.2d 522 (1961). We wrote:

> [H]ere we are not concerned with the negligence of a child but with *the negligence of the parent in permitting either actively or passively, a minor willfully or negligently to commit such acts which could reasonably be expected to cause injury to another.*

*Id.* at 99, 350 S.W.2d at 524 (emphasis added).

In describing the tort, we wrote:

> [W]here the parent (1) has the opportunity and ability to control a minor, and (2) has knowledge of the tendency or proclivity of the minor to commit acts which could normally be expected to cause injuries to others, and (3) after having such opportunity, ability and knowledge has failed to exercise reasonable means of controlling the minor or appreciably reduce the likelihood of injury to others

> because of the minor's acts, the parent should be made to respond to those who have been injured by such acts of the minor.

*Id.*

■ The appellees argue that even if they were guilty of the negligent supervision of their son, the court ruled correctly in granting the summary judgment because the case against their son has been settled and that precludes a court from ever finding him guilty of the negligence which is the proximate cause of the injury. The argument is not convincing. Even though the settlement with the son precludes further action against him, it does not preclude a court from examining his actions as they relate to third parties in a separate and distinct cause of action.

Reversed.

HOLT, C.J., and HICKMAN, J., dissent.

DARRELL HICKMAN, Justice, dissenting. I would affirm because the complaint failed to state sufficient facts upon which relief could be granted. *See Joey Brown Interest, Inc.* v. *Merchants Nat'l Bank of Fort Smith*, 284 Ark. 418, 683 S.W.2d 601 (1985).

HOLT, C.J., joins in the dissent.