ARKANSAS RIVER EDUCATION SERVICE
COOPERATIVE *v.* Larry MODACURE; Donna Hudson

07-611                                    267 S.W.3d 595

Supreme Court of Arkansas
Opinion delivered November 8, 2007

*Friday, Eldredge & Clark*, by: *Khayyam M. Eddings*, for appellant.

*Floyd A. Healy*, for appellees.

Paul E. Danielson, Justice. Appellant Arkansas River Education Service Cooperative ("ARESC") appeals from the circuit court's order denying its motion for summary judgment. ARESC's sole point on appeal is that the circuit court erred in denying its summary-judgment motion because it is entitled to immunity from liability and from suit for damages pursuant to Ark. Code Ann. § 21-9-301 (Repl. 2004). We reverse and remand.

A review of the record reveals that during the 2004-05 school year, Appellee Larry Modacure was a student in the Watson Chapel School District. Modacure was also enrolled in a vocational training program at ARESC in Pine Bluff, where he was injured on November 29, 2004, when struck in the face by a foreign object that ejected from a lathe machine that Modacure was using. On December 5, 2005, Modacure, by and through his mother, Appellee Donna Hudson, and Donna Hudson, individu-

ally, filed a lawsuit against ARESC, which sought damages as a direct and proximate result of ARESC's alleged negligence in adult supervision and prevention of such injury. ARESC answered and pled affirmatively that it was immune from suits for negligence under Ark. Code Ann. § 21-9-301 and because it did not maintain liability insurance for the claim asserted. The circuit court denied ARESC's motion for summary judgment and found that ARESC, as an educational service cooperative, was not included in the list of entities under section 21-9-301 that enjoy immunity. ARESC timely filed a notice of appeal.

ARESC argues on appeal that the circuit court erred when it ruled that Ark. Code Ann. § 21-9-301 does not provide immunity to education service cooperatives, as that ruling does not properly consider the entire text of the statute. ARESC contends that the circuit court's ruling should be reversed because an education service cooperative is a creation of the State Board of Education which operates as a public body corporate and, in effect and purpose, is a collective of school districts which individually enjoy statutory immunity from suit for damages except to the extent that they may be covered by liability insurance. Therefore, ARESC urges, it is entitled to statutory immunity under the statute and its summary-judgment motion should have been granted.

Appellees respond that nowhere in our statutes or other governing law has the legislature deemed it necessary to include educational cooperatives as those who enjoy governmental immunity and that this court has a long-standing policy of not rewriting or creating legislation, as that is the job of the legislature.

ARESC replies that legislation does not have to be rewritten or created in order for education cooperatives to come within the ambit of section 21-9-301, as the statute already contains the necessary, inclusive language.

As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *See Helena-West Helena Sch. Dist. v. Monday*, 361 Ark. 82, 204 S.W.3d 514 (2005). However, that general rule does not apply where the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to immunity from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial. *See id.* The issue of whether a party is immune from suit is purely a question of law and is reviewed *de novo. See id.*

The circuit court's order denying ARESC's motion for summary judgment stated that the court did "not feel that the legislature intended for educational co-ops to enjoy the same statutory immunity as that currently enjoyed by school districts pursuant to Ark. Code Ann. § 21-9-301." ARESC simply argues that the circuit court's finding did not take into consideration the statute as a whole. We agree.

We review issues of statutory interpretation *de novo* because it is for this court to determine the meaning of a statute. *See McMickle v. Griffin*, 369 Ark. 318, 254 S.W.3d 729 (2007). The basic rule of statutory construction is to give effect to the intent of the legislature. *See id.* Where the language of a statute is plain and unambiguous, we determine legislative intent from the ordinary meaning of the language used. *See id.* In considering the meaning of a statute, we construe it just as it reads, giving the words their ordinary and usually accepted meaning in common language. *See id.* We construe the statute so that no word is left void, superfluous or insignificant, and we give meaning and effect to every word in the statute, if possible. *See id.*

Arkansas Code Annotated § 21-9-301 reads:

> (a) It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state *and any of their boards, commissions, agencies, authorities, or other governing bodies* shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

> (b) No tort action shall lie against any such political subdivision because of the acts of its agents and employees.

Ark. Code Ann. § 21-9-301 (emphasis added).

While the circuit court was correct in concluding that an educational cooperative differs from a school district, in 1999, the Arkansas General Assembly amended section 21-9-301 by Act 984, which added the above-emphasized language to include and protect additional entities. When reading the Public School Education Cooperative Act of 1981, codified by Ark. Code Ann. §§ 6-13-901 − 6-13-906 (Repl. 1999), it is apparent that an educational cooperative qualifies as a board, commission, agency, authority, or other governing body of school districts and, therefore, would be subject to the immunity granted by Ark. Code Ann. § 21-9-301.

An educational cooperative is a voluntary association of school districts to share resources, personnel, materials, and equipment and to provide and improve services and programs to students. *See* Ark. Code Ann. § 6-13-902. More specifically, "cooperatives *will act as an agency* for all or some of the member districts in dealings with other governmental and private agencies." Ark. Code Ann. § 6-13-904(a) (emphasis added).

■ This court has previously recognized the close connection between cooperatives and school districts:

> Significantly, the legislation governing co-ops is nested within the legislation governing school districts and not within the statutes governing the State Department of Education. Described in section 6-13-1002 as "intermediate service units," the co-op entity is comprised of school districts and, like school districts, co-ops must report to the Department of Education. The growth of a co-op begins at a grassroots level. Although the tentative geographic boundaries of co-ops are established by the Department of Education, 75% of the school districts in a proposed co-op must request formation of the co-op by formal resolutions. The decisions to initiate, activate, or participate in a co-op are made by school districts. Further, co-op personnel are employed and terminated using the same procedures applicable to school districts and, only when the co-op's governing body approves, will the Department of Education assign state personnel to the co-op. Clearly, the growth, utilization, and maintenance of the co-op stems from the participating school districts and, as an entity, the co-op is comparable to a school district.

*Ozarks Unlimited Res. Co-op., Inc. v. Daniels*, 333 Ark. 214, 222, 969 S.W.2d 169, 173 (1998). After considering the relationship between educational cooperatives and school districts, we hold that an educational cooperative is an agency of a school district and, therefore, is an entity that comes within the ambit of Ark. Code Ann. § 21-9-301.

■ The immunity provided by section 21-9-301 does have one exception. The entities specified in the statutes are immune from liability and from suit for damages except to the extent that they may be covered by liability insurance. *See* Ark. Code Ann. § 21-9-301. Appellees argue that even if ARESC were entitled to immunity, it is undisputed that ARESC has sufficient funds through insurance which would allow recovery of damages. ARESC avers that the proper inquiry is not whether or not there

are sufficient funds, but whether or not there is insurance coverage for the alleged damages. ARESC further contends that sufficient evidence was presented to the circuit court illustrating that it did not maintain liability insurance coverage for the damages alleged in the appellees' complaint. However, the insurance issue has not yet been decided by the circuit court and any discussion or analysis by this court would be premature and would constitute an advisory opinion, which this court will not issue. *See Arkansas Diagnostic Ctr., P.A. v. Tahiri*, 370 Ark. 157, 257 S.W.3d 884 (2007). To date, the circuit court has simply denied ARESC's motion for summary judgment based upon its conclusion that an educational cooperative is not an entity covered by the immunity provided in Ark. Code Ann. § 21-9-301. We disagree with the circuit court's conclusion and, therefore, reverse and remand.

Reversed and remanded.