2009 Ark. 356

**QUAPAW CARE &
REHABILITATION, Appellant,**

v.

**ARKANSAS HEALTH SERVICES
PERMIT COMMISSION,
Appellee.**

**No. 08–1490.**

Supreme Court of Arkansas.

June 18, 2009.

Rose Law Firm, A Professional Association, by Richard T. Donovan and Joi Leonard, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by Warren T. Readnour, Sr. Ass't Att'y Gen., for appellee.

JIM HANNAH, Chief Justice.

Appellant Quapaw Care and Rehabilitation appeals an order of the Pulaski County Circuit Court dismissing its petition for judicial review of a decision of the Arkansas Health Services Permit Commission. Quapaw contends that the circuit court erred in finding that Arkansas Code Annotated sections 20–8–103 (Repl.2005) and 25–15–207 (Repl.2002), when read together, prohibit Quapaw from seeking judicial review of the Commission's decision on the validity and applicability of a rule. We dismiss the appeal.

The Commission has been given broad authority by the General Assembly to manage health facilities and services in the state. *See* Ark.Code Ann. § 20–8–103. Pursuant to section 20–8–103, the Commission is charged with evaluating the availability and adequacy of health facilities and health services as they relate to long-term care facilities and home health care service agencies. Ark.Code Ann. § 20–8–103(a). The Commission develops policies and adopts criteria, including time limitations, to be utilized by the Health Services Permit Agency in the review of applications and the issuing of permits of approval for a long-term care facility or a home health care service agency. *See* Ark.Code Ann. § 20–8–103(d).

The Agency is an "independent agency under the supervision and control of the Governor." Ark.Code Ann. § 20–8–104(a) (Repl.2005). The Agency is charged with reviewing and processing applications for permits of approval and is required to approve or deny the application within ninety days from the date the application is deemed complete and submitted for review. Ark.Code Ann. § 20–8–104(c).

In August 2007, Spring Valley Holdings, LLC, applied to the Agency for a permit of approval for purposes of constructing a nursing home in Garland County, Arkansas, to be called Spring Valley Health and Rehabilitation. In a letter submitted September 28, 2007, Quapaw opposed Spring Valley's application. Quapaw stated that the basis of its opposition was that the Agency's creation of a "beds in transition" column in the bed-need chart amounted to a rule change and was, thus, subject to the Administrative Procedure Act (APA). Specifically, Quapaw asserted that the Agency had failed to comply with the APA because it did not publish the rule change or provide an opportunity for comment. Spring Valley responded and contended, among other things, that the change in the bed-need chart did not constitute a rule change and was not subject to the APA. Nonetheless, on October 22, 2007, the Agency granted Spring Valley's permit of approval and entered its ⌊3Findings of Fact, Conclusions of Law, and Order. Quapaw appealed the Agency's decision to the Commission, stating that its primary ground for appeal was the invalidity of a rule. On December 13, 2007, the Commission held a hearing on Quapaw's appeal of the Agency decision. Again, there was a dispute regarding whether the change in the bed-need chart constituted a rule change. Ultimately, the Commission affirmed the Agency's issuance of the permit of approval to Spring Valley.

Subsequently, on January 14, 2008, Quapaw filed a petition for judicial review, asserting that the basis of the petition was a challenge to the validity and applicability of a rule. The Commission moved to dismiss Quapaw's petition based on lack of jurisdiction. Quapaw responded, contending that it had standing to seek judicial review pursuant to Arkansas Code Annotated section 25–15–212 (Repl.2002) of the APA. On February 22, 2008, Quapaw filed an amended petition for judicial review and declaratory judgment on the issue of the validity and applicability of the rule at issue, and the Commission again filed a motion to dismiss for lack of jurisdiction.

On July 18, 2008, the circuit court held a hearing on the Commission's motion to dismiss. The Commission contended that section 20–8–103(g)(2) [1] provides an absolute bar to an appeal of a Commission decision granting a permit of approval and that a declaratory ⌊4judgment action under 25–15–207 [2] is the only avenue of relief for a person seeking to challenge the validity or applicability of a rule used by the Commission. Quapaw asserted that interpreting section 20–8–103(g)(2) to deny a person the right to judicial review of the Commission's decision on the validity or applicability of a rule improperly inserts a restriction into the statute that the legislature did not explicitly include.

The circuit court concluded that when sections 25–15–207 and 20–8–103(g)(2) are read together, section 20–8–103 prohibits any appeal with regard to the validity and application of a rule. The circuit court further concluded that Quapaw could proceed with its petition for declaratory judgment to seek prospective relief as to the validity and future applicability of the rule

---

**1.** Section 20–8–103(g)(2) provides: "Neither a competitor of a successful applicant for a permit of approval nor any other party shall have the right to appeal the commission's decision to grant a permit of approval."

**2.** Section 25–15–207 provides, in relevant part: "The validity or applicability of a rule may be determined in an action for declaratory judgment if it is alleged that the rule, or its threatened application, injures or threatens to injure the plaintiff in his person, business, or property." *See* Ark.Code Ann. § 25–15–207(a).

in question. Accordingly, the circuit court entered an order on August 28, 2008, dismissing Quapaw's amended petition for judicial review and permitting the declaratory judgment action to proceed. Quapaw moved to dismiss its declaratory judgment action without prejudice, and the circuit court granted the motion. Quapaw now appeals the dismissal of its petition for judicial review. Quapaw contends that the circuit court erred in dismissing its petition for judicial review under the APA because when read together and without improperly inserting restrictions into the statutes, sections 20–8–103 and 25–15–207 do not bar a party from seeking judicial review of the Commission's decision on the validity and applicability of a rule.

We are unable to address Quapaw's argument on appeal because it failed to obtain a ruling at the administrative level regarding whether the change in the bed-need chart constituted a rule change. Quapaw contended before the circuit court that it was attempting to challenge the validity and applicability of a rule by way of petition for judicial review. The record reflects that Quapaw stated in its letter of opposition to the Agency and argued at the Commission hearing that by changing the bed-need chart for nursing homes and implementing a "beds in transition" column, the Agency made a rule change and was thus required to comply with the APA. Spring Valley asserted at the Commission hearing that on two prior occasions, the Commission had ruled that the implementation of the "beds in transition" chart was not a rule change. Counsel for the Commission was present at the hearing and stated that the Commission had previously determined that the creation of the "beds in transition" column was not a rule change. Presumably, the Commission's decision on this issue had been appealed to the circuit court, because counsel for the Commission stated that the Commission's prior decision was "still in court, pending." At the conclusion of the hearing, the Commission voted to uphold the Agency decision issuing the permit of approval. Neither the Agency nor the Commission made a ruling concerning whether the creation of the "beds in transition" column constituted a rule change. It follows that neither the Agency nor the Commission made a specific decision regarding the validity or applicability of a rule.

The circuit court was correct in dismissing the petition for judicial review, albeit for the wrong reason. Without a ruling concerning whether the change in the bed-need chart constituted a rule change and without a decision regarding the validity or applicability of a rule, the circuit court had nothing to review and, consequently, there is nothing for this court to review. The issue presented to the circuit court—whether, when read together, sections 20–8–103 and 25–15–207 prohibit Quapaw from seeking judicial review on the Commission's decision on the validity and applicability of a rule—was not ripe for the circuit court's review. Likewise, the issue is not ripe for this court's review. Any discussion or analysis by this court would be premature and constitute an advisory opinion, which this court will not issue. *See, e.g., Ark. River Educ. Servs. v. Modacure,* 371 Ark. 466, 267 S.W.3d 595 (2007). As such, we are unable to consider Quapaw's appeal.

Appeal dismissed.