

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CV–15–73

| | | |
|---|---|---|
| | | **Opinion Delivered** October 21, 2015 |
| CHARLES DUELL | APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. CV-2013-1915-7] |
| V. | | |
| JOSEPH BAY | APPELLEE | HONORABLE DOUG MARTIN, JUDGE |
| | | REVERSED AND REMANDED |

## BART F. VIRDEN, Judge

Joseph Bay filed a lawsuit alleging defamation and false-light claims against deputy prosecuting attorney for Washington County, Charles Duell. Duell filed a motion for summary judgment on both claims, and also responded that he was entitled to statutory immunity pursuant to Arkansas Code Annotated section 19–10–305(a).[1] In an order entered on October 10, 2014, the circuit court denied summary judgment on the defamation and false-light claims and also found that whether Duell was entitled to statutory immunity under Arkansas Code Annotated section 19–10–305(a) was a question of fact for the jury. This interlocutory appeal followed.

---

[1] In the lawsuit, Bay also alleged several other claims that the court found were barred by res judicata. Those are not the subject of this appeal.

In November 2010, Joseph Bay was charged with Class D sexual indecency with a child for allegedly exposing himself to his four-year-old daughter. The charge was nolle prossed in March 2011. Shortly thereafter, Duell gave an interview to a *Springdale Morning News* journalist, who then published an article entitled "Sexual Indecency Charge Dropped," which recounted some, but not all, of the facts relating to the dropping of the charge. Bay asserts that Duell intentionally chose to relay only the facts that implied Bay's guilt, and that Duell omitted facts that exculpated him.

Duell raises several points on appeal. First, he asserts that the circuit court erred by ruling that whether statutory immunity bars Bay's lawsuit is a question of fact for the jury. Duell also asserts that the undisputed facts show that his statements were true and show no evidence of malice; therefore, he is entitled to statutory immunity. We agree with Duell's first point on appeal; therefore, we reverse and remand.

Arkansas affords a measure of immunity from suit to government employees. Arkansas Code Annotated section 21-9-301(a) (Repl. 2004) provides as follows:

> It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts, and all other political subdivisions of the state and any of their boards, commissions, agencies, authorities, or other governing bodies shall be immune from liability and from suit for damages except to the extent that they may be covered by liability insurance.

As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. *See Ark. River Educ. Servs. v. Modacure*, 371 Ark. 466, 267 S.W.3d 595 (2007). However, that general rule does not apply when the refusal to grant a summary-judgment motion has the effect of determining that the appellant is not entitled to immunity

from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial. *City of Fayetteville v. Romine*, 373 Ark. 318, 320—21, 284 S.W.3d 10, 13 (2008). The issue of whether a party is immune from suit in a summary-judgment procedure is purely a question of law, and this court reviews that issue on appeal de novo. *Early v. Crockett*, 2014 Ark. 278, at 6, 436 S.W.3d 141, 146.

In its order, the circuit court found that "whether Defendant is entitled to statutory immunity under Arkansas Code Annotated section 19-10-305(a) is a question of fact for the jury." Our case law clearly states that the issue of whether a party is entitled to statutory immunity is a question of law; therefore the circuit court was clearly in error when it characterized the issue as one of fact. We need not reach the remaining issues because the circuit court must first decide as a matter of law whether Duell is entitled to immunity from suit by the statute. The case is reversed and remanded for entry of an order consistent with this opinion.

Reversed and remanded.

GLOVER and VAUGHT, JJ. agree.

*Leslie Rutledge*, Att'y Gen., by: *NGA Mahfouz*, Ass't Att'y Gen., for appellant.

*Byars & Hall*, by: *Joe D. Byars, Jr.*, for appellee.