PAUL E. DANIELSON, Associate Justice | Appellant Travis Trammell filed this interlocutory appeal challenging the order of the Benton County Circuit Court denying his motion for summary judgment on the basis of immunity. This court assumed jurisdiction of this case from the Arkansas Court of Appeals pursuant to Arkansas Supreme Court Rule 1 — 2(b)(6) as it involves a statutory-interpretation issue. On appeal, Officer Trammell asserts that undisputed proof demonstrates no intent to commit the tort of false arrest or false imprisonment, and, to the extent that the proof demonstrates negligence, Officer Trammell is immune from suit pursuant to Arkansas Code Annotated section 21-9-301 (Supp. 2015). He also argues that section 21-9-301 grants immunity against all tort claims, including intentional torts, and asks that we overrule all prior case law to the contrary. We reverse and remand for the entry of an order consistent with this opinion. laOfficer Trammell is a police officer with the Bella Vista Police Department. The record reflects that on May 14, 2012, Officer Trammell received a report that shots had been fired in the area known as the “Grosvenor Gravel Pits.” an area that is off-limits for shooting. While investigating the area, Officer Trammell approached Appellee Linda Wright, her co-worker, her daughter, and her daughter’s friend. Officer Trammell spoke to Wright and asked for her driver’s license, which she gave him. Upon running Wright’s identification, the Arkansas Crime Information Center (“ACIC”) showed that Wright had an outstanding warrant for her arrest for failing to appear in Elkins District Court in Washington County. ACIC indicated the same name, date of birth, driver’s license number and picture belonging to Wright. Wright denied being the subject of the warrant. Officer Trammell then returned to his car and called Washington County dispatch on the radio and asked dispatch to confirm the warrant. Dispatch confirmed that the warrant was valid. Officer Trammell arrested Wright and transported her to the Benton County Sheriffs Office, which held her until Washington County Sheriffs Office could pick her up. After arriving at the Washington County Sheriffs Office. Wright bonded out of jail. Wright was ultimately cleared of wrongdoing. The warrant had been issued against “Linda M. Wright,” a person having a different home address, date of birth, and driver’s license number than Wright. Officer Trammell testified in his deposition that he never saw the warrant at the scene of the arrest. It was not the police department’s practice for an officer to call the agency to have someone look at the warrant and read the identifying | conformation. The individual who entered the warrant into the ACIC system assigned it to Wright’s name, driver’s license number, date of birth, and photo. On May 10, 2013, Wright filed a complaint against Officer Trammell in his personal capacity, alleging that he committed the state-law torts of false arrest and false imprisonment. Officer Trammell filed his first motion for summary judgment, which was denied by the circuit court because the court found that a material fact existed as to whether Officer Trammell exercised due diligence in arresting Wright and taking her into custody. Officer Trammell appealed the circuit court’s denial to the Arkansas Court of Appeals. The court of appeals found that it was uncertain that the circuit court ruled on the immunity issue and dismissed the appeal without prejudice for lack of a final, appealable order. See Trammell v. Wright, 2014 Ark. App. 439, 439 S.W.3d 718. On remand, Officer Trammell moved for summary judgment a second time, exclusively on the issue of immunity, which the circuit court denied. As a general rule, the denial of a motion for summary judgment is neither reviewable nor appealable. See City of Fayetteville V. Romine, 373 Ark. 318, 284 S.W.3d 10 (2008); Ark. River Educ. Servs. v. Modacure, 371 Ark. 466, 267 S.W.3d 595 (2007). However, that general rule does not apply where the refusal to grant a summary-judgment' motion has the effect of determining that the appellant is not entitled to immunity from suit, as the right of immunity from suit is effectively lost if a case is permitted to go to trial. See Romine, 373 Ark. 318, 284 S.W.3d 10; Modacure, 371 Ark. 466, 267 S.W.3d 595. The issue of whether a party is immune from suit is purely a question of law and is reviewed de novo. See Romine, 373 Ark. 318, 284 S.W.3d 10 (citing Smith v. Brt, 363 Ark. 126, 211 S.W.3d 485 (2005)). |4On appeal, Officer Trammell argues that he did not commit the torts of false arrest or false imprisonment and that if the proof does demonstrate negligence, he is entitled’ to immunity pursuant to section 21-9-301. Wright asserts that the circuit court was correct in denying immunity because Officer Trammell’s acts were not negligent, but intentional, and officials are not immune from intentional acts. Specifically, she argues that Officer Tram-mell committed the torts of false arrest and false imprisonment by intentionally refusing to verify the identifying information on the warrant. She contends that if Officer Trammell had asked someone to look at the face of the warrant, he would have known that she was not the subject of the warrant and she would not have been arrested. “False arrest” is' a name sometimes given to the tort more generally known as “false imprisonment.” Headrick v. Wal-Mart Stores, Inc., 293 Ark. 433, 435, 738 S.W.2d 418, 420 (1987) (citing W. Prosser & W. Keeton, The Law of Torts 47 (5th ed. 1984)). False imprisohment is the unlawful violation of the personal liberty of an-bther consisting of detention without sufficient legal authority. See Grandjean v. Grandjean, 315 Ark. 620, 869 S.W.2d 709 (1994); Headrick, 293 Ark. 433, 738 S.W.2d 418; Moon v. Sperry & Hutchinson Co., 250 Ark. 453, 465 S.W.2d 330 (1971). The facts are undisputed. The actual warrant was not for Wright, but for a different person with the same name. Officer Trammell was not in possession of the actual warrant at the time of the arrest, but followed the police department’s practice and relied on the information provided by ACIC. When Wright stated that she was not the subject of the warrant, Officer Trammell sought verification of that information from dispatch in Washington County. All -• of the information that Officer Trammell had in-his possession, | [jWhich was verified by dispatch, indicated that Wright was the subject of the warrant; Wright has provided no facts to .support her argument that Officer Tram-mell committed the intentional torts of false arrest or false imprisonment. Therefore we hold as a matter of law that Officer Trammell did not commit the intentional torts of 'false arrest or false imprisonment.[1] Officer Trammell asserts that, to the extent the proof demonstrates negligence on his.behalf, he is immune from suit pursuant to section 21-9-301. He further argues that section 21-9-301 grants immunity against all tort claims, including intentional torts. This court has consistently held that section 21-9-301 provides city employees with immunity from civil liability for negligent acts, but not for intentional acts. See Romine, 373 Ark. 318, 284 S.W.3d 10; But, 363 Ark. 126, 211 S.W.3d 485; Deitsch v. Tillery, 309 Ark. 401, 833 S.W.2d 760 (1992). Wright has not alleged any acts of negligence against Officer Trammell, only intentional torts. Because we hold that Officer Trammell has not committed any intentional torts, we will not address his last point on appeal that section 21-9-301 grants immunity against all tort claims, including intentional torts. We find that the circuit court erred by denying summary judgment based on immunity. | fiWe reverse the order of the circuit court and remand for the entry of an order consistent with this opinion. Special Justice D. Chris Gardner concurs. Baker and Hart, JJ.; dissent. Wood, J., not participating. . The dissent alleges that the majority has "erroneously conducted its own trial on the pleadings” in finding that Officer Trammell did not commit the intentional torts of false arrest and false imprisonment. On the com trary, the majority has plainly stated that Officer Trammell did not commit the intentional torts of false arrest or false imprisonment as a matter of law. After wrongfully accusing the majority of making improper findings of fact, the dissent proceeds to make very specific findings -of fact. For example, the dissent makes the findings that “there is no way in which Trammell could have 'reasonably believed’ that Wright was the person to be arrested”; that Trammell “had no authority to make an arrest”; that "[t]he false imprisonment alleged here was not the result of errors by court personnel”; and that “the fault lay with the law enforcement officer.”