Cite as 2020 Ark. App. 558

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CV–20–10

| | |
|---|---|
| | **Opinion Delivered** December 9, 2020 |
| CRYSTAL HOLIMAN | |
| APPELLANT | APPEAL FROM THE GRANT COUNTY CIRCUIT COURT [NO. 27DR–11–24] |
| V. | |
| | HONORABLE CHRIS E WILLIAMS, JUDGE |
| WILLIAM BRENT HOLIMAN AND OFFICE OF CHILD SUPPORT ENFORCEMENT | |
| APPELLEES | REVERSED AND REMANDED |

## BRANDON J. HARRISON, Judge

Crystal Holiman appeals the circuit court's decision to deny her petition for relocation and to grant joint custody of the parties' two children to her and the children's father, Brent Holiman. She also challenges the court's decision to abate child support that Brent was paying. Crystal's primary argument, however, is that the circuit court erred in rejecting the presumption in favor of relocation established in *Hollandsworth v. Knyzewski*, 353 Ark. 470, 109 S.W.3d 653 (2003). We agree; therefore, we reverse and remand for further proceedings.

The parties were divorced in November 2012. The related decree provided that Crystal would have "primary physical custody" of the parties' two children, BH and CH, and the parties would share "joint legal custody." Brent exercised visitation generally one or two days a week. In February 2019, Crystal petitioned to relocate to Finland with the

children.  In response, Brent petitioned for a change of custody and asserted that it was not in the children's best interest to move out of the country with their mother.

The circuit court convened a hearing on 15 May 2019, and after receiving testimony, took the case under advisement.  Two weeks later the court issued a letter opinion to the parties.  In that letter, the court stated:

> To apply *Hollandsworth* to these facts could lead to allow a mother to move without the ability to return with the children in the future.  Ultimately to do so would eliminate the best interest analysis which has long been the polestar for issues involving child custody and relocation matters.  To take this majority position of our courts would be arbitrary and capricious.  *Singletary* and *Jones* would not apply and to follow *Hollandsworth* a presumption would have to be overcome by a purported noncustodial parent who was behind on support by .24 cents.  This Court will not dwell on this hypocrisy and burden shifting court order presumptions are not favored in our law.  The polestar should always be fair and just decision on what is in the best interest of two young impressionable children by parents and their actions.

> Nothing about these facts support a thought of some presumption developed out of the whole of a cloth.  Here it is in the best interest of these children to not relocate and continue not only joint legal custody but also joint custody of [the] children by both parties with the father's extended family.  Mother has very little to do with her mother or brother and joint custody shall be granted.  Mother is not stable both mentally and financially to move to Finland on such sketchy facts and relocation is denied.  Father needs to be more involved with children's activities so change of custody is denied.

In September 2019, the court entered a written order that incorporated these findings and denied Crystal's request to relocate.  A separate order abated all child support effective 10 June 2019.  Crystal has timely appealed both orders.

In determining whether a parent may relocate with a minor child, a circuit court must generally look to the principles set forth in *Hollandsworth*, 353 Ark. 470, 109 S.W.3d

653.  In that case, our supreme court pronounced a presumption in favor of relocation for custodial parents with sole or primary custody; the noncustodial parent was given the burden of rebutting the presumption.  *Id.* at 485, 109 S.W.3d at 663.  The *Hollandsworth* presumption should be applied only when the parent seeking to relocate is not only labeled the "primary" custodian in the divorce decree but also spends significantly more time with the child than the other parent.  *Cooper v. Kalkwarf*, 2017 Ark. App. 331, 532 S.W.3d 58.

Crystal argues that the circuit court erred in refusing to apply the *Hollandsworth* presumption and in not requiring Brent to rebut it.  Instead, says Crystal, the court expressly rejected applying the presumption and found that relocation was not in the children's best interest.  Brent responds that "[d]espite the circuit court's disdain for the majority position of our courts[,]" the court reached the correct conclusion that relocation was not in the children's best interest.  Brent also contends that he presented sufficient evidence to rebut the presumption.

The circuit court acknowledged that *Hollandsworth* was the governing law but did not apply it.  The court noted that Brent would be required to rebut the presumption but chose to not enforce that requirement.  We must follow the precedent set by the supreme court.  *Watkins v. Ark. Elder Outreach of Little Rock, Inc.*, 2012 Ark. App. 301, 420 S.W.3d 477.  Therefore, we remand to the circuit court to conduct a new hearing, apply the controlling law, and make the findings it deems appropriate in its judgment.

Our reversal on this point also requires a reversal of the circuit court's related decisions to award joint custody and abate child support.  As something of an aside, we note

3

that the circuit court's letter opinion and order do not identify a material change of circumstances warranting a change of custody, and both parties agree that the court should be reversed on these issues.

Crystal also challenged the circuit court's decision to not admit an alleged employment agreement she had with the Finnish employer. On this point we make no ruling except to say that the circuit court, in its discretion, may reconsider whether to admit as evidence Crystal's letter of employment and her employment contract should the issue arise again. Finally, we also decline to address the issue of Brent's cooperation in obtaining passports as the circuit court did not rule on this issue. Any discussion or analysis by this court at this time would be advisory. *Quapaw Care & Rehab. v. Ark. Health Servs. Permit Comm'n*, 2009 Ark. 356, 325 S.W.3d 269.

Reversed and remanded.

GLADWIN and BROWN, JJ., agree.

*Robert S. Tschiemer*, for appellant.

*Jonathan Huber*, for appellee.